**Sherry Lynne JOHANSEN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 45A03-9608-PC-275.**

Court of Appeals of Indiana.

Jan. 24, 1997.

Transfer Denied March 26, 1997.

Susan K. Carpenter, Public Defender of Indiana, John A. England, Deputy Public Defender, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Office of Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

In 1983 Johansen was convicted of murder in the death of her three year old child. The facts are reported in her direct appeal, *Johansen v. State*, 499 N.E.2d 1128 (Ind.1986). She now appeals from a denial of post conviction relief claiming fundamental error and ineffective assistance of counsel due to one of the final instructions given by the court at trial. We find no reversible error and, therefore, affirm the denial of post conviction relief.

The cardinal principle concerning the appellate review of jury instructions is that the instructions are to be considered together as a whole and with reference to each other, and an error in a particular instruction will not justify reversal unless the error is of such a nature that the whole charge of which it forms a part misleads the jury on the law of the case. *Bixler v. State*, 471 N.E.2d 1093 (Ind.1984), cert. denied 474 U.S. 834, 106 S.Ct. 106, 88 L.Ed.2d 86.

From the facts recited in the decision on Johansen's direct appeal it appears that both Johansen and her boyfriend abused the child, that medical evidence established that the child suffered from a lacerated spleen and hemorrhaging on both sides of the brain, all caused by blunt force injuries, and that it was not possible to pinpoint which injury was the exact cause of death. Thus, one of the substantial issues at trial concerned Johansen's role in causing the death. It further appeared that Johansen admitted holding the child down while her boyfriend beat the child, and also admitted that she had knocked the victim to the ground and kicked her. The supreme court on direct appeal found the evidence sufficient to sustain the necessary element of intent to kill.

We turn now to the court's final instructions at trial. Instruction no. 3 correctly defined for the jury the necessary elements of murder pursuant to IC 35–42–1–1 and further defined the meaning of the terms "knowingly" and "intentionally." Instruction no. 4 then defined the elements of involuntary manslaughter, and instruction no. 5 defined the elements of reckless homicide as applicable to lesser included offenses. Instruction no. 9, which provides the sole basis for this appeal and the petition for post conviction relief stated:

Evidence has been presented that the victim sustained injuries other than those alleged to have been inflicted by the defendant.

In order to prove the charge of murder, as set forth in the charging information, the State must prove beyond a reasonable doubt that the defendant knowingly or intentionally inflicted, or aided or abetted another person who inflicted, an injury or injuries upon the victim which either caused her death or which contributed to the cause of her death.

Initially, we note that no challenge to the instruction was raised in the motion to correct errors or in the direct appeal. Thus, apart from the claims of fundamental error and ineffective assistance of counsel, clearly any error in giving the instruction was waived.

Johansen focuses upon the phrase "as set forth in the charging information" and urges that the instruction therefore permitted the jury to find her guilty of murder without finding that she knowingly or intentionally killed the child. We disagree. While taken in isolation the instruction may be considered misleading concerning necessary intent, that is not true when it is considered together

with the other instructions and they are construed as a whole. Then it clearly appears that the jury was instructed on the necessary *mens rea* to convict for murder and were additionally instructed on lesser offenses of involuntary manslaughter and reckless homicide. The final arguments were not included in the transcript, but presumably counsel argued an asserted insanity defense and urged minimal culpability of his client. When considered together with the other instructions, instruction no. 9 properly instructed the jury as to how it should deal with the evidence that the boyfriend inflicted some injuries, Johansen inflicted some injuries and Johansen assisted the boyfriend in inflicting some injuries.

Thus, we find that giving the instruction did not constitute fundamental error. Furthermore, since any error contained in the instruction was rendered harmless when the instructions are considered as a whole and construed together, Johansen was not denied the effective assistance of either trial or appellate counsel.

Affirmed.

STATON and BARTEAU, JJ., concur.